1  LATHAM & WATKINS LLP
     Kenneth M. Fitzgerald (Cal. Bar. No. 142505)
2    Daniel J. Lenerz (Cal. Bar. No. 226019)
   600 West Broadway, Suite 1800
3  San Diego, California 92101-3375
   Telephone: (619) 236-1234
4  Facsimile: (619) 696-7419

5  Attorneys for Plaintiff,
   GOSMILE, INCORPORATED
6

FILED
2008 AUG 13 PM 4:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7                                                                '08 CV 1477 WQH JMA

8                    UNITED STATES DISTRICT COURT

9                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | GOSMILE, INC., a Delaware corporation,    )
11 |                Plaintiff,                 )   Civil Action No.
12 |        v.                                 )   **COMPLAINT FOR: (1) FEDERAL
                                               )   TRADEMARK INFRINGEMENT; (2)
13 | CVS CAREMARK CORPORATION, a               )   COMMON LAW TRADEMARK
     Delaware corporation,                     )   INFRINGEMENT; (3) FEDERAL FALSE
14 |                                           )   DESIGNATION OF ORIGIN; (4)
                    Defendant.                 )   FEDERAL DILUTION; (5) CALIFORNIA
15 |                                           )   STATUTORY DILUTION; (6)
                                               )   CALIFORNIA STATUTORY AND
16 |                                           )   COMMON LAW UNFAIR
                                               )   COMPETITION; AND (7) FEDERAL
17 |                                           )   TRADE DRESS INFRINGEMENT**
                                               )
18 |                                           )   **DEMAND FOR JURY TRIAL**

SD\642524.5                                                     COMPLAINT AND DEMAND FOR JURY TRIAL

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

1    COMES NOW THE PLAINTIFF GoSmile, Inc. ("GoSmile") which for its complaint
2 against defendant alleges as follows:
3    1.   GoSmile owns several federally registered trademarks for the **GoSMILE** mark.
4 This is an action for trademark infringement arising under Section 32 of the Lanham Act
5 (15 U.S.C. § 1114), common law trademark infringement, false designation of origin arising
6 under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), federal dilution arising under
7 Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), statutory dilution arising under
8 California Business & Professions Code § 14330, statutory unfair competition arising under
9 California Business & Professions Code § 17200 *et seq.*, unfair competition arising under the
10 common law of the State of California and trade dress infringement arising under Section 43 of
11 the Lanham Act (15 U.S.C. § 1125(a)).

## JURISDICTION AND VENUE

13   2.   This action is within the subject matter jurisdiction of this Court by virtue of the
14 Lanham Act, 15 U.S.C. §§ 1121(a), 1331, and 1338(a). This Court also has supplemental
15 jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).
16   3.   Defendant is subject to the jurisdiction of this Court pursuant to the laws of this
17 State and the Federal Rules of Civil Procedure. Defendant participates in the promotion,
18 advertising, and sale of unauthorized goods in this State and in this district.
19   4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a
20 substantial portion of the events giving rise to this action occurred in this district. Defendant
21 distributes, sells, or otherwise has introduced into the stream of commerce within this judicial
22 district, products bearing the infringing trademark.

## THE PARTIES

24   5.   Plaintiff GoSmile Incorporated ("GoSmile") is a Delaware corporation having its
25 principal place of business at 110 E. 42nd Street, Suite 1100, New York, New York 10017.
26   6.   Defendant CVS Caremark Corporation ("CVS") is a Delaware corporation with
27 its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.
28

**GENERAL ALLEGATIONS**

7. GoSmile is a leading manufacturer and distributor of over-the-counter tooth whitening products, including a revolutionary, patented tooth whitener ampoule application sold under the **GoSMILE®** brand.

8. GoSmile first began using the **GoSMILE®** brand in connection with selling tooth whitening products in 2002.

9. GoSmile has used the **GoSMILE®** marks for tooth whitening products continuously since that time.

10. GoSmile is the owner of several federally registered trademarks to protect its **GoSMILE®** brand and family of trademarks used in connection with tooth whitening products.

11. GoSmile has applied for and obtained federal trademark registrations for GoSmile including U.S. Registration Numbers 3,461,582; 3,414,828; 3,389,326; 3,218,390; and 3,230,142.

12. GoSmile is the current owner of the **GoSMILE®** trademark.

13. A representative sample of GoSmile's **GoSMILE®** Tooth Whitener is shown below:



14. GoSmile markets and sells its **GoSMILE®** product line throughout the United States, including in Southern California and San Diego County.

15. GoSmile has invested heavily in advertising and promoting its **GoSMILE®** brand and products for more than six years. This advertising has consistently used the **GoSMILE** Trademarks.

16. In the United States, this advertising has included television commercials, print publications, radio commercials, billboards, live promotions, infomercials, brochures, and internet promotions.

17. This advertising and promotion has been continuous, and has also included numerous large-scale campaigns that have stood out for consumers. Some examples include a 2007 Direct Response Television ("DRTV") campaign which received significant media attention and coverage as well as a promotional appearance on the ABC morning chat show "The View."

18. GoSmile also created a website (www.gosmile.com), which was launched in 2002, to promote and sell its **GoSMILE®** products. GoSmile also distributes point-of-sale marketing materials that promote the **GoSMILE®** products at high-end retailers such as Sephora and Saks Fifth Avenue.

19. GoSmile sells tooth whitening products under the **GoSMILE** Trademarks in both the retail and commercial channels. For example, **GoSMILE®** tooth whitening products are sold through the retail channel in high-end stores such as Saks Fifth Avenue, Nordstrom, Pure Beauty, Planet Beauty and Sephora, as well as in numerous independent retail stores located across the country.

20. GoSmile's **GoSMILE®** brand tooth whitening products have been tremendously successful. Since 2002, GoSmile has sold millions of dollars worth of tooth whitening products under the **GoSMILE** Trademarks in the United States. Much of this success is attributable to the brand image represented through the distinctive trademarks of the **GoSMILE®** product line.

21. The products sold under the **GoSMILE** Trademarks must meet GoSmile's rigorous standards of quality. GoSmile has endured significant expense to develop its patented delivery system and to ensure products sold under the **GoSMILE** Trademarks adhere to high quality standards.

22. By virtue of the substantial use, sale and promotion of the **GoSMILE®** product line, the **GoSMILE** Trademarks have acquired great value as identifiers of the source of the tooth whitening products and to distinguish the products from those of others.

23. By virtue of the substantial use, sale and promotion of the **GoSMILE®** product line, the **GoSMILE** Trademarks have become famous. The **GoSMILE®** product line and the **GoSMILE** Trademarks have been famous since long before CVS began its infringing activities complained of herein.

24. The distinct packaging and branding of **GoSMILE** products are widely recognized and associated with GoSmile in the eyes of consumers. The distinctive square packaging of the **GoSMILE** Tooth Whitener and the distinctive circular dots adorning **GoSMILE's** logo are particularly recognized by the public as associated with GoSMILE.

25. GoSmile and Defendant entered into negotiations to place GoSmile products in Defendant's "concept store" on or before March 25, 2008.

26. GoSmile provided to Defendant samples of GoSmile products on or about April 2, 2008.

27. The parties did not reach an agreement that would permit Defendant to distribute **GoSMILE** products through its CVS pharmacy stores. Defendant, however, decided to free-ride off the goodwill and reputation of **GoSMILE** by introducing a knockoff, confusingly similar product called "U Smile." The marks and images used on the U Smile products are confusingly similar in appearance to GoSmile's **GoSMILE** Trademarks.

28. GoSmile is informed and believes, and on that basis alleges, that Defendant manufactures the U Smile products and sells them in its Defendant pharmacy stores.

29. A representative photograph of Defendant's infringing U Smile product is shown below:



30. As shown in the photographs above, Defendant's U Smile tooth whitening product is sold in a packaging that includes marks and images that are confusingly similar in appearance to that of GoSmile's **GoSMILE** Trademarks and **GoSMILE®** Tooth Whitener product line. The U Smile packaging features a square box almost identical in size and shape to **GoSMILE®** Tooth Whitener; its color scheme—primarily white with a single accent color—is similar to that used by the **GoSMILE®** Tooth Whitener; it uses circular dots like those used in the **GoSMILE** logo; and, like the **GoSMILE®** Tooth Whitener, it includes images of ampoules.

31. Defendant's U Smile product also features an applicator with the same name (ampoule) that is similar in size, shape and function (the ampoule's cap is removed, the ampoule is squeezed firmly, and the open end of the ampoule is rubbed on the teeth) to that used by the **GoSMILE®** Tooth Whitener.

32. Defendant's unauthorized use of GoSmile's **GoSMILE** Trademarks is intended to trade upon the goodwill and substantial recognition associated with GoSmile's **GoSMILE®** line of tooth whitening products.

33. Defendant is using GoSmile's **GoSMILE** Trademarks in an attempt to associate themselves with GoSmile or otherwise trade upon GoSmile's reputation.

34. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to GoSmile's business reputation, caused a strong likelihood of consumer confusion as to the source of origin or relationship of GoSmile's and Defendant's goods, and has otherwise competed unfairly with GoSmile.

35. GoSmile is informed and believes, and on that basis alleges, that Defendant's infringing acts complained of herein are willful and deliberate.

36. Defendant's acts complained of herein have caused GoSmile to suffer irreparable injury to its business. GoSmile will suffer substantial, irreparable harm to its goodwill and reputation unless Defendant is immediately enjoined from the wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under 15 U.S.C. § 1114

37. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

38. GoSmile owns the registered **GoSMILE** Trademarks.

39. The **GoSMILE** Trademarks are fanciful and/or suggestive and, at a minimum, have acquired a secondary meaning by purchasers and the public.

40. GoSmile receives a tremendous amount of public recognition and critical acclaim for the products sold under the **GoSMILE** Trademarks. Through GoSmile's widespread and continuous use of the **GoSMILE** Trademarks, these marks have acquired extensive goodwill, have developed a high degree of distinctiveness, and are famous, well known and recognized as identifying goods that originate from GoSmile.

41. Defendant has used in commerce, without permission of GoSmile, marks and equivalent images that are confusingly similar to GoSmile's **GoSMILE** Trademarks. Defendant has infringed GoSmile's **GoSMILE** Trademarks by using confusingly similar phrases and images in connection with the manufacturing, distribution, selling and/or promoting Defendant's goods with the intent to unfairly compete against GoSmile, to trade upon GoSmile's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's goods are associated with, sponsored by or approved by GoSmile, when they are not.

42. Defendant knew of GoSmile's ownership and prior use of the **GoSMILE** Trademarks. By adopting confusingly similar marks, after failing to reach an agreement to distribute genuine **GoSMILE** products, Defendant willfully violated 15 U.S.C. § 1114.

43. Defendant's aforementioned acts have injured GoSmile and damaged GoSmile in an amount to be determined at trial.

44. By its actions, Defendant has irreparably injured GoSmile. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

45. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

46. By virtue of the acts complained of herein, Defendant has intentionally infringed GoSmile's **GoSMILE** Trademarks and caused a likelihood of confusion among the consuming public, thereby committing common law trademark infringement.

47. Defendant's aforementioned acts have been fraudulent, oppressive and malicious, and have injured GoSmile and damaged GoSmile in an amount to be determined at trial.

48. By its actions, Defendant has irreparably injured GoSmile. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### False Designation of Origin Under 15 U.S.C. § 1125(a)

49. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

50. GoSmile has marketed, advertised, and promoted the **GoSMILE®** product line using the **GoSMILE** Trademarks. As a result of this marketing, advertising, and promotion, the **GoSMILE** Trademarks have come to mean and are understood to signify GoSmile products, and are one of the ways by which those goods and services are distinguished from the goods and services of others in the same and in related fields.

51. The **GoSMILE** Trademarks are distinctive and have acquired secondary meaning by purchasers and the public associating the **GoSMILE** Trademarks with GoSmile products.

52. Defendant has used in commerce, without permission of GoSmile, marks and equivalent images that are confusingly similar to GoSmile's **GoSMILE** Trademarks. Defendant has infringed GoSmile's **GoSMILE** Trademarks and created a false designation of origin by using confusingly similar phrases and equivalent images in connection with the manufacturing, distribution, selling and/or promoting Defendant's goods with the intent to unfairly compete

1 against GoSmile, to trade upon GoSmile's reputation and goodwill by causing confusion and
2 mistake among customers and the public and to deceive the public into believing that
3 Defendant's goods are associated with, sponsored by or approved by GoSmile, when they are
4 not.

5     53. Defendant had actual knowledge of GoSmile's ownership and prior use of
6 GoSmile's **GoSMILE** Trademarks, and is willfully violating 15 U.S.C. § 1125(a).

7     54. Defendant's aforementioned acts have injured GoSmile and damaged GoSmile in
8 an amount to be determined at trial.

9     55. By its actions, Defendant has irreparably injured GoSmile. Such irreparable
10 injury will continue unless Defendant is preliminarily and permanently enjoined by this Court
11 from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**Trademark Dilution Under 15 U.S.C. § 1125(c)**

14     56. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36
15 of this Complaint as though fully set forth herein.

16     57. GoSmile's **GoSMILE** Trademarks are famous and well-known within the
17 meaning of 15 U.S.C. § 1125(c), and became famous prior to the acts of Defendant complained
18 of herein.

19     58. After the **GoSMILE** Trademarks became famous and well-known, Defendant
20 misappropriated the **GoSMILE** Trademarks for its own use and commercial advantage, in
21 blatant disregard for GoSmile's rights.

22     59. Defendant's unauthorized commercial use of phrases and equivalent images to the
23 **GoSMILE** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale
24 of its facilities and services, in interstate commerce, has caused and is likely to continue to cause
25 dilution of the distinctive quality of the famous **GoSMILE** Trademarks.

26     60. Defendant's infringing acts are likely to tarnish, injure, or trade upon GoSmile's
27 business, reputation and goodwill, and to deprive GoSmile of the ability to control its **GoSMILE**
28 Trademarks.

61. Defendant has willfully intended to trade upon GoSmile's business, reputation, and goodwill.

62. Defendant's aforementioned acts have injured GoSmile and damaged GoSmile in an amount to be determined at trial.

63. By its actions, Defendant has irreparably injured GoSmile. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

**Trademark Dilution Under California Business & Professions Code § 14330 and California Common Law**

64. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

65. GoSmile's **GoSMILE** Trademarks are famous, and became famous prior to the acts of CVS complained of herein.

66. Defendant's unauthorized use of similar phrases and equivalent images to the **GoSMILE** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of its goods has caused and is likely to continue to cause dilution of the distinctive quality of the famous **GoSMILE** Trademarks, in violation of Cal. Bus. & Prof. Code §§ 14330 and 14335, and California common law.

67. Defendant's aforementioned acts are likely to tarnish, injure, or trade upon GoSmile's business, reputation and goodwill, and to deprive GoSmile of the ability to control its **GoSMILE** Trademarks.

68. Defendant's aforementioned acts have injured GoSmile and damaged GoSmile in an amount to be determined at trial.

69. By its actions, Defendant has irreparably injured GoSmile. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition Under California Business & Professions Code § 17200 and California Common Law

70. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

71. By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among the public and has unfairly competed in violation of California Business & Professions Code §§ 17200, *et seq.* and the common law of California.

72. Defendant's aforementioned acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged GoSmile.

73. By its actions, Defendant has irreparably injured GoSmile. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### Trade Dress Infringement Under 15 U.S.C. § 1125(a)

74. GoSmile hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

75. The color design, color scheme, packaging size, packaging shape, applicator size, applicator shape, and distinctive font of the **GoSMILE** Tooth Whitener constitutes protectable trade dress which the public associates with GoSmile's high quality products.

76. By engaging in the acts alleged herein, CVS is infringing the **GoSMILE** Trade Dress, in violation of 15 U.S.C. § 1125.

77. GoSmile is informed and believes, and on that basis alleges, that by Defendant's aforementioned acts, Defendant has willfully intended to trade upon GoSmile's business, reputation, and goodwill.

78. Defendant's aforementioned acts have injured GoSmile and damaged GoSmile in an amount to be determined at trial.

79. By its actions, Defendant has irreparably injured GoSmile. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of GoSmile's rights, for which GoSmile has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, GoSmile prays for judgment against Defendant as follows:

1. For a temporary restraining order, preliminary and permanent injunction prohibiting Defendant, each of its agents, servants, employees, attorneys, successors and assigns, and all other persons in active concert or participation with any of them:

   a. Prohibiting them from manufacturing, importing, purchasing, distributing, selling, or offering for sale tooth whitening products using U Smile or any other mark confusingly similar to **GoSMILE**;

   b. otherwise infringing GoSmile's **GoSMILE** Trademarks;

   c. manufacturing, purchasing, distributing, selling, or offering for sale tooth whitening products bearing the trade dress currently used on U Smile products, or any other trade dress confusingly similar to that of GoSmile;

   d. requiring Defendant to deliver all devices, literature, advertising, goods and other materials bearing the infringing marks or images pursuant to 15 U.S.C. § 1118;

2. That Defendant be required to account and disgorge to GoSmile all profits derived by them by virtue of Defendant's acts complained of herein;

3. For compensatory damages according to proof;

4. For treble damages pursuant to 15 U.S.C. § 1117;

5. For reasonable costs, expenses and attorneys' fees pursuant to 15 U.S.C. § 1117;

/ / /

/ / /

/ / /

/ / /

/ / /

1    6.   For exemplary damages from Defendant pursuant to California Civil Code.
2  § 3294;
3    7.   That GoSmile be awarded such other and further relief as this Court may deem
4  just.

Respectfully submitted,

Dated:  August 13, 2008

LATHAM & WATKINS LLP

By: _____
Kenneth M. Fitzgerald
Daniel J. Lenerz
Attorneys for Plaintiff GoSmile, Inc.
E-mail: kenneth.fitzgerald@lw.com
         daniel.lenerz@lw.com

**JURY TRIAL DEMANDED**

GoSmile demands a trial by jury on all issues raised by this Complaint which are triable by jury.

Dated: August 13, 2008

LATHAM & WATKINS LLP

By: _____
Kenneth M. Fitzgerald
Daniel J. Lenerz
Attorneys for Plaintiff
GoSmile, Incorporated
E-mail: kenneth.fitzgerald@lw.com
          daniel.lenerz@lw.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GoSmile, Inc., a Delaware corporation

## DEFENDANTS
CVS Caremark Corporation, a Delaware corporation

FILED
2008 AUG 13 PM 4:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff **New York County, NY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Providence County, RI**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth M. Fitzgerald (SBN 142505)
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA 92101
619-236-1234

Attorneys (If Known)

'08 CV 1477 WQH JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** / [ ] 530 General | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & other | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act 15 U.S.C. 1114, 15 U.S.C. 1125 (a), (c)

Brief description of cause:
trademark & trade dress infringement; trademark dilution

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/13/08   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 154917   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
TAC 8/13/08

CSDJS44

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 154017      - TC

        August 13, 2008
            16:26:54

           Civ Fil Non-Pris
    USAO #.: 08CV1477
    Judge..: WILLIAM Q HAYES
    Amount.:
    Check#.: BC425035        $350.00 CK


      Total->   $350.00


    FROM: GOSMILE INC.
          VS
          VS CAREMARK CORP.
```